Daniei, Judge.
 

 After stating the case,, proceeded to deliver the opinion of the court.
 

 The question for the court to decide, is, whether
 
 Stephen Gibbs
 
 was ever legally appointed administrator of
 
 Jeremiah Gibbs.
 
 The plaintiff contends that he was not, and that the sale and distribution of the slaves belonging to the estate of the intestate, by
 
 Stephen Gibbs,
 
 transferred no title to the defendant.
 

 The case is imperfectly made up; it does not expressly state, that the records show, that
 
 Stephen Gibbs
 
 qualified as the administrator. We however take the fact to be, that the evidence of his qualification vas made to appear by the records of the court, and not by parol
 
 *227
 
 proof. The records then show an order made, appointing
 
 Stephen Gibbs
 
 administrator, the acceptance of the paper offered as a bond, and his qualification. There was enough appearing on the record, to authorise the clerk to issue letters of administration to
 
 Stephen Gibbs*.
 
 The appointment was not void, but voidable; the letters of administration were subject to have been called in, and repealed at the instance of any person interested; but whilst the-order made, remained unrepealed, the administrator had power from a competent authority, to-sell the slaves. The observation of the court, in the case of
 
 Haskins
 
 v.
 
 Miller,
 
 (2
 
 Dev.
 
 362,) is not an authority for the plaintiff in this case. The court there said,
 
 “
 
 if the order had been, that administration would be granted to Taylor, upon his. giving bond, it would have been conditional and nugatory. Th*e court can make no such order, for they still would have to judge of the bond and administer the oath.” In the present-case, the court took upon themselves to judge of the bond, (certainly an erroneous judgment,) and did administer the oath. There remained no condition, in the opinion of the County Court, uncomplied with. They erroneously conceived, that a blank bond, signed and sealed by the parties, would be good, if it was af-terwards filled up by the clerk. Upon the whole, we think
 
 Stephen Gibbs,
 
 was a rightful administrator, and that the plaintiff in this case, from the facts stated, ought not to recover. A new trial is therefore awarded. We regret this the less, because on a second trial it can be shown whether the acceptance of the paper as a bond, and the qualification of
 
 Stephen Gibbs
 
 appears on the record of the court or not.
 

 Per Curiam — J udgment reversed.